IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 42nd and 10th Hotel, LLC,<br><br>        Petitioner,<br><br>v.<br><br>New York Hotel and Motel Trades Council, AFL-CIO,<br><br>        Respondent. | Civil Action No. 1:20-cv-03675 |

**PETITION TO VACATE ARBITRATION AWARD**

      Petitioner 42nd and 10th Hotel, LLC petitions this Court, pursuant to 9 U.S.C. § 10 and 29 U.S.C. § 185(c), for an order vacating the Final Arbitration Award ("Award") issued on March 19, 2020, in an arbitration between the Respondent, New York Hotel and Motel Trades Council, AFL-CIO, and the Hotel Association of New York City, Inc. (the "Association"), that purports to bind Petitioner as a signatory and party of the Industry-Wide Agreement ("IWA"). In support of this petition, Petitioner alleges as follows:

### Parties

      1.      Petitioner, 42nd and 10th Hotel, LLC ("Yotel") is licensed to do business in the State of New York. Its principal place of business is 570 Tenth Avenue, New York, N.Y. 10036. The Petitioner is an employer within the meaning of Section 2(2) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(2).

      2.      Respondent, New York Hotel and Motel Trades Council, AFL-CIO ("Union"), is a labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. § 152(5). Petitioner is an affiliate to UNITE HERE, the prominent hospitality labor union in the United States. The Union maintains its offices at 707 Eighth Avenue, New York, N.Y. 10036. The Union represents hotel employees in New York City.

## Jurisdiction

3.	This is an action to vacate an arbitration award rendered by the Office of the Impartial Chairperson, in favor of the Union. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 185(c) and 9 U.S.C. § 10.

## Venue

4.	Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a),(c), 9 U.S.C. § 9, and 28 U.S.C. § 1391. This is the United States court in the judicial district in which the Respondent resides and is registered to do business. The events or omissions giving rise to the claims also occurred in this district.

## Factual Background

5.	On March 7, 2020, Governor Andrew Cuomo declared a state of emergency in New York State, in response to rising cases of COVID-19, an illness caused by a novel coronavirus. Mayor Bill de Blasio made a similar declaration on March 12, 2020, for the City of New York, and President Donald Trump declared a nationwide state of emergency on March 13, 2020.

6.	These declarations restricted international travel, significantly limited the number of people who could gather together at one time, and encouraged people to stop participating in "non-essential" activities outside of their homes.

7.	Both Governor Cuomo and Mayor de Blasio have issued additional orders restricting certain activities within New York State and New York City. These orders include expiration dates. *See, e.g.*, Executive Order 202.13 (effective until April 28, 2020) (Mar. 29, 2020).

8.	Because of these orders and the subsequent drop in business travel and tourism to New York City, Yotel, along with many other hotels in New York City, decided to temporarily close its hotel. Yotel anticipates remaining closed until July 1, 2020. Yotel also temporarily laid off some of its employees while the hotel is closed.

9. On March 24, 2020, Yotel notified the Union of the temporary layoff, including the anticipated end-date.

10. Yotel's management is presently acting to prepare to reopen its hotel to the public on July 1, 2020. In the meantime, it is providing lodging to medical professionals and first responders caring for COVID-19 patients. A skeleton crew of Yotel staff is assisting in this humanitarian endeavor.

11. Yotel is bound by the IWA.

12. Article 33 of the IWA requires employers to contribute sums of money equal to 26.5% of employee wages to the New York Hotel Trades Council and Hotel Association of New York City, Inc. Health Benefits Fund (the "Fund").

13. Article 52 of the IWA provides that employees are entitled to severance pay "in the event of termination resulting from the closing of a hotel or a restaurant therein or a department thereof, or a concession." Exhibit 1, art. 52.

14. Article 52 also provides that, when employees are entitled to severance, "a further payment equal to twenty-five percent (25%) of [the severance] amount shall be paid" to employee benefit funds administered by the Union. *Id*.

15. Article 26 of the IWA provides for arbitration of "complaints, disputes or grievances" by "a permanent umpire[] to be known as the Impartial Chairperson" ("IC"), following negotiations on the matter between the Union and an Association Labor Manager. *Id*., art. 26.

16. The Union initiated an "emergency" arbitration against the Association on or about March 15, 2020, before the Office of the Impartial Chairperson ("IC"). The Union sought a declaratory award that the temporary layoffs caused by the COVID-19 pandemic triggered severance-pay provisions under the IWA.

17. The Union argued that hotels had closed their properties and laid off employees for an "indeterminate" period. Therefore, the Union argued that the laid-off employees were entitled to severance pay and contributions by the hotels to the Fund. Award, Exhibit 2 at 14.

3

18. The Union did not, as Article 26 requires, submit its complaint, dispute or grievance to a Labor Manager "to consider and adjust with a duly accredited representative of the UNION, for their joint consideration and adjustment" before referring the matter to the IC.

19. The Union did not name Yotel or other employer signatories or parties to the IWA as parties to the arbitration, and did not serve an arbitration demand on the individual hotels.

20. The IC did not, as Article 26 requires, provide advance notice to Yotel or other IWA signatories or parties.

21. Yotel did not receive notice of this emergency arbitration hearing, nor was it present at any time during the emergency arbitration, nor did it have the opportunity to respond to any of the Union's contentions or otherwise participate.

## Arbitration Award

22. Elliott Shriftman, an Impartial Chairperson from the Office of the Impartial Chairperson, conducted an arbitration hearing and issued a final award in favor of the Union on March 19, 2020. Exhibit 2 (the "Award").

23. The IC found that "no one knows just how long the closures and layoffs will last" *Id.* at 14.

24. The IC ruled that it would be "premature to order severance pay," because "it would be inequitable to require employers to pay a significant amount of wages under these circumstances if the employees are recalled a few weeks later." *Id.* at 15.

25. The Award states that employees "will not be entitled to severance pay unless the layoff continues for a sufficient duration." *Id.* at 15, 16.

26. But the IC professed himself "sympathetic to the plight of laid off employees who need continued medical benefits attendant to severance pay" and ordered employers to make payments to the Fund with respect to employees laid off "since the advent of the Coronavirus crises" for a period of up to four months. *Id.*

27. The IC issued a clarification to the Award on March 30, 2020, regarding the formula to calculate the monthly contribution to the Fund during the four month period, whether employees could change plan elections, and how the Award would affect hotels contributing to the UNITE HERE International Fund because that fund has committed to extending medical benefits for the next six months to employees. None of these clarifications substantively altered the original Award. Exhibit 3.

## Grounds for Vacating Award

28. First, the Award is subject to vacatur because Yotel was denied the opportunity to bargain, a notice, and a hearing. IWA Article 26 permits referral to arbitration only after a dispute has been subject to bargaining between the Union and the employer at issue. Any such arbitration must follow Article 26(G)'s notice requirements, which state that the IC "may call such arbitration hearing on giving five (5) days' notice to all of the interested parties. The [IC], however, may call a hearing on shorter notice if s/he deems it appropriate." The Article also contemplates that employers subject to an arbitration will "appear[]" before the IC and receive a "hearing." An arbitration award is subject to vacatur when the arbitrator's actions "amount to a denial of fundamental fairness of the arbitration proceeding." *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997). Moreover, Yotel, like all hotel parties to the IWA, only agreed to arbitrate upon the satisfaction of certain conditions precedent, including bargaining with the union, notice, and an opportunity to be heard. Instead, the IC proceeded ex parte with respect to Yotel.

29. Second, the IC is "guilty of misconduct," and the Award is therefore subject to vacatur, because he refused "to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(4). In this case, the IC did not provide Yotel an opportunity to be heard at the arbitration. This denied Yotel its right to present evidence that its layoff is temporary, not permanent, and that it is taking steps to prepare to reopen the hotel and end the temporary layoff, or to elicit any evidence from the Fund regarding its financial resources to maintain health insurance coverage during the Covid-19 crisis. This misconduct requires vacatur.

30. Third, the Award is subject to vacatur because it reflects on its face and in its fundamental inconsistency the IC's "evident partiality" in favor of the Union and against employers like Yotel. 9 U.S.C. § 10(a)(2). The IC displayed partiality toward the Union when he recognized that the IWA's severance provision was inapplicable at this time, but nonetheless ordered Yotel to make contributions to the Fund, under the same inapplicable provision, because he was "sympathetic" to the employees represented by the Union. This misconduct requires vacatur.

31. Fourth, the Award is subject to vacatur because it does not, as required by the LMRA, "draw its essence from the contract" but instead "simply reflect[s] the arbitrator's own notions of industrial justice." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U. S. 29, 38 (1987). Rough "industrial justice" is the only possible interpretation of the IC's award, given its plain conflict with the terms of the IWA, and that is, in fact, the IC's stated basis for the Award, his "sympathy" for employees as opposed to the IWA's terms. Rather than interpret and apply the IWA, the IC disregarded the IWA's terms to reach a result that the IC regarded as fair, notwithstanding that that result plainly conflicts with the IWA's plain text addressing severance and layoffs, which distinguish between temporary and permanent layoffs and clearly preclude severance (including benefit payments) in the absence of a permanent layoff. This manifest disregard of the law requires vacatur.

32. The Award has not been modified or corrected.

33. The Petition is brought within three months, and within 90 days, after the issuance of the Award.

34. Yotel has not made any previous application to vacate or confirm the Award.

**WHEREFORE,** Petitioner respectfully requests the Court:

(a) Vacate the Award;

(b) Grant any other such relief as the Court deems just and proper.

Dated: May 12, 2020

Respectfully Submitted,

/s/ Paul Rosenberg
PAUL ROSENBERG
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, N.Y. 10111
(212) 589-4299 (phone)
(212) 589-4201 (fax)
prosenberg@bakerlaw.com

ANDREW M. GROSSMAN (*pro hac vice* application forthcoming)
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
(202) 861-1697 (phone)
(202) 861-1783 (fax)
agrossman@bakerlaw.com

*Attorneys for Petitioner*